**Robert M. ZINKO and Barbara A. Zinko, as Co–Administrators of the Estate of Steven Harold Zinko, Deceased, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–774V.

United States Claims Court.

Oct. 30, 1991.

Andrew W. Hutton, Michaud, Hutton & Bradshaw, Wichita, Kan., for petitioners.

Laura S. Radack, Washington D.C., for respondent.

## OPINION

MARGOLIS, Judge.

This vaccine case comes before the court on a motion to review filed by the respondent, Secretary of the Department of Health and Human Services ("HHS") on July 1, 1991 pursuant to Appendix J, RUSCC. Petitioners brought an action seeking compensation under the National Vaccine Injury Compensation Program, *codified as amended* at 42 U.S.C.A. §§ 300aa–10 *et seq.* (West Supp.1991) ("the Program"), for the death of Steven Harold Zinko which petitioners allege was the result of a diphtheria-pertussis-tetanus ("DPT") vaccination. Special Master Denis Hauptly held an evidentiary hearing in Denver, Colorado on March 12, 1991. On May 30, 1991, the special master found that Zinko was administered a vaccine listed on the Program Table, suffered a hypotonic-hyporesponsive episode or collapse ("HHE," an injury listed on the Program Table), and died as a sequela to the injury. He awarded petitioners $250,000, plus costs and attorney's fees. *Zinko v. Secretary of HHS,* No. 90–774V, slip op. at 10–11, 1991 WL 105485 (Cl.Ct.Spec.Mstr. May 30, 1991). HHS petitioned this court for review of the special master's decision, claiming that the special master erred in his determination of the meaning of sequela under the Program.

After a careful review of the record and the special master's decision, and after hearing oral argument, the court finds the special master's decision is neither arbitrary or capricious and is in accordance with the law. For the reasons stated below, the special master's decision is affirmed.

## DISCUSSION

 Table injuries include "[a]ny acute complication or sequela (including death)" of the listed vaccine-related injuries. 42 U.S.C.A. § 300aa–14(a)(I)(E). Zinko was awarded compensation for a sequela (death) to the table injury he sustained (an HHE). *Zinko,* No. 90–774V, slip op. at 10–11. HHS challenges the special master's interpretation of the term "sequela."

The special master determined that Zinko (born August 17, 1984) suffered no serious health problems until he was given a DPT vaccination on October 22, 1984. Zinko suffered an HHE within the specified time, *i.e.,* 72 hours, of the vaccination. The HHE was demonstrated by the statutory symptoms; Zinko was limp and lifeless, had a dazed appearance, was unable to track or recognize family members or surroundings, was lethargic, and slept for four to eight hours at a time and still needed to be awakened for an attempted feeding. The special master concluded Zinko died as a sequela to the HHE, and the respondent had not shown by a preponderance of the evidence another cause for Zinko's death. *Zinko,* No. 90–774V, slip op. at 9–10.

The special master applied the following analysis to determine if Zinko's death was compensable as a sequela to a Table injury under 42 U.S.C.A. § 300–14(a)(I)(E). He found that for a sequela to be compensable the petitioner had to show by a preponderance of the evidence that the sequela occurred, that the on-Table injury medically could have caused the sequela, and that no other known cause of the sequela existed in this particular case. *Id.* at 8–9. The special master concluded that Zinko died as a sequela to the HHE. *Id.* at 9.

The special master's decision must be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 42 U.S.C.A. § 300aa–12(e)(2)(B). The reviewing court should not substitute its judgment for that of the decision maker. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). The touchstone is rationality;

if the relevant factors have been considered and no clear error of judgment has been made, the decision should be affirmed. *Hyundai Electronics Industries v. United States International Trade Commission*, 899 F.2d 1204, 1209 (Fed.Cir.1990); *see also Stotts v. Secretary of HHS*, 23 Cl.Ct. 352, 357–362 (1991) (discussing in detail the applicable standard of review). This court reviews the special master's decision accordingly.

HHS contends that inherent in the meaning of sequela is the determination that the disease *causes* another disease, condition or injury, and that the petitioner is required to prove the particular sequela was caused by the particular injury. In this case, HHS asserts that the special master erred in finding that an HHE can cause death. However, this court finds considerable support for the special master's decision. *See e.g., Gramling v. Secretary of HHS*, No. 90–969V, slip op. at 4 n. 1, 1991 WL 137314 (Cl.Ct.Spec.Mstr. July 10, 1991); *Widdoss v. Secretary of HHS*, No. 90–486V, slip op. at 10–11, 1991 WL 112208 (Cl.Ct.Spec.Mstr. June 7, 1991); *Ionescu v. Secretary of HHS*, No. 88–64V, slip op. at 11–12, 1989 WL 250134 (Cl.Ct.Spec.Mstr. October 19, 1989); *Manley v. Secretary of HHS*, 18 Cl.Ct. 799, 809 n. 7 (1989).

■ To find, as HHS contends, that the statute requires a petitioner to prove that a particular death is the direct cause of a post-vaccination Table injury would defeat the purpose of the legislation. The National Vaccine Injury Compensation Program was designed to compensate persons with recognized vaccine injuries without requiring the difficult individual determinations of causation. H.R.Rep. No. 99–908, 99th Cong., 2d Sess. 12 (1986). "Sequela" is listed on the Table as a compensable injury. 42 U.S.C.A. § 300aa–14(a)(I)(E). Special Master Hastings has stated, when interpreting § 300aa–14(a)(I)(E), "Congress apparently intended that when a vaccine recipient suffered a prescribed 'Table injury' and then suffered death as a result or consequence of that injury, the death itself, like the preceding 'Table injury,' would be considered a 'Table injury,' automatically

compensable without need for proof of causation." *Ionescu*, No. 88–64V, slip op. at 12 (footnote omitted). If expert medical testimony and other evidence show by a preponderance of the evidence that the Table injury can cause a subsequent injury, condition or consequence, the subsequent occurrence can be considered a sequela, and absent evidence sufficient to show another cause, the sequela will be compensated under the Program. To require additional causation determinations would compel requirements contrary to the Program's terms. *See Widdoss*, No. 90–486V, slip op. at 10.

Respondent argues that the determination of whether or not the Table injury "caused" a sequela requires that some credible evidence must be presented to establish the connection—other than temporal association and a simple lack of any other identifiable cause of death—before a preponderance of the evidence can be said to support finding death as a "sequela" to an HHE. The court agrees that temporal association alone is insufficient. However, the court holds that petitioner is required only to prove by a preponderance of the evidence that the sequela occurred and could have resulted from the Table injury. *See Hines v. Secretary of HHS*, 940 F.2d 1518, 1525 (Fed.Cir.1991). Zinko's medical expert testified that Zinko suffered an HHE and died as a result of the vaccination. The special master determined the petitioner proved by a preponderance of the evidence that the Table injury can cause the sequela. *Zinko*, No. 90–774V, slip op. at 8–9.

■ The last two steps in the special master's analysis (no other known cause for the sequela exists and all alternative causes that can be ruled out have been ruled out) present the question as to which party bears the burden of proof on these issues. The statutory framework requires that once the petitioner establishes a *prima facie* case for compensation, the burden shifts to the respondent who must prove by a preponderance of the evidence that the claimed injury is attributable to another factor unrelated to the vaccine.

*Tennyson v. Secretary of HHS,* No. 90–605V, slip op. at 5, 1991 WL 35494 (Cl.Ct. Spec.Mstr. March 1, 1991). The respondent did not present sufficient evidence for the special master to determine there was a cause for Zinko's death other than the vaccine. *Zinko,* No. 90–774V, slip op. at 10.

## CONCLUSION

The court finds the special master's interpretation of "sequela" under 42 U.S.C.A. § 300aa–14(a)(I)(E) is neither arbitrary or capricious and is in accordance with the law. The decision of the special master is sustained. The clerk is directed to enter judgment accordingly.